UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PHILLIP L. NELSON,

Plaintiff,

v.

STATE OF OREGON,

Defendant.

Case No. 3:26-cv-01014-CL

ORDER OF DISMISSAL

MCSHANE, Judge:

Plaintiff Phillip L. Nelson, a self-represented litigant in custody at Eastern Oregon Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously denied Nelson's application to proceed in forma pauperis pursuant to 28 U.S.C. 1915(g) (ECF No. 6), and Nelson has since paid the filing fee. For the reasons set forth below, however, the Court summarily dismisses Plaintiff's complaint for failure to state a claim upon which relief may be granted.

///

///

BACKGROUND

Nelson brings this action against the State of Oregon in connection with his 2024 murder conviction in Multnomah County Circuit Court Case No. 20CR33471.[1] (Compl. at 8, ECF No.1.) Plaintiff alleges that toward the end of his trial, he objected to the jury instructions "on the grounds that they included exceptions written into the laws governing self-defense." (*Id.*) Specifically, Plaintiff alleges that the instruction given did not "include the conditions imposed by the first portions of either [Oregon Revised Statute ("ORS")] § 161.209 or ORS § 161.219[,]" and that such "exclusion [is not] permitted by the rules for the construction of statutes ('[not] to omit what has been inserted')[.]" (Compl. at 9.) Plaintiff alleges that the trial court nevertheless overruled the objection "because the case law so interprets the statutes." (*Id.* at 8.) Plaintiff alleges that "[t]his exclusion violate[d] [his] Federal and State constitutional rights" and that he "has thereby been injured" by the State of Oregon's abuse of process. (*Id.* at 9, 13.) Plaintiff seeks damages under the Oregon Tort Claims Act ("OTCA") and a declaratory judgment "about statutory construction, interpretation, application, and [his] rights there-to." (*Id.* at 16.)

LEGAL STANDARDS

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

[1] Nelson presently is serving lengthy sentences for Manslaughter in the First Degree and Murder in the Second Degree. *See* Case Information for No. 20CR33471, *State of Oregon v. Phillip Lawrence Nelson*, OR. JUDICIAL DEP'T, https://webportal.courts.oregon.gov/portal/Home/Dashboard/29; *see also Callister v. Owen*, No. 1:16-cv-00474-CWD, 2017 WL 1499224, at *2 (D. Idaho 2017) (explaining that judicial notice may be taken of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (simplified).

state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendant violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Nelson is proceeding as a self-represented litigant, and therefore the Court construes the pleadings liberally and affords him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must "be liberally construed," and a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## DISCUSSION

A Section 1983 civil rights action cannot be used to challenge the legality of a prisoner's confinement. The Supreme Court has held that "a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). A finding in Nelson's favor in the instant case would necessarily imply the invalidity of his Multnomah County murder and manslaughter convictions, and therefore the complaint must be

dismissed for failure to state a claim.[2] The dismissal is without leave to amend, and without prejudice to Nelson's ability to file another civil rights action should he successfully invalidate his criminal judgment in a proper proceeding. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (explaining that dismissals of this nature should be without prejudice).

CONCLUSION

For these reasons, the Court DISMISSES Nelson's complaint (ECF No. 1), and DENIES AS MOOT all pending motions. Because Nelson cannot cure the complaint's deficiencies by amendment, the Court DENIES leave to amend and DISMISSES this action, without prejudice. For the reasons set forth above, this Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 19th day of August, 2026.

s/Michael J. McShane
Michael McShane
United States District Judge

[2] Even if Nelson could proceed in this action, the Eleventh Amendment bars suit in federal court against a state absent a clear and unequivocal waiver. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Nelson therefore cannot state a viable claim for relief against the State of Oregon. Further, in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over Nelson's OTCA claims. *See* 28 U.S.C. § 1367(a).